IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SUSAN ANN SANDS WEDEWARD,

                                                  ORDER

            Plaintiff,

                                               13-cv-632-bbc

   v.

UNIVERSITY HOSPITAL AND CLINICS
and MEDICAL FOUNDATION
SPINE CLINIC and PAIN CLINIC,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Susan Ann Sands Wedeward has filed a proposed complaint against defendants University Hospital and Clinics and Medical Foundation, Spine Clinic and Pain Clinic, alleging that defendants failed to give her proper treatment for a spinal injury she suffered on October 29, 2006. She has been granted leave to proceed in forma pauperis, so her proposed complaint is ready for screening.

A review of plaintiff's complaint reveals a number of problems with it that may prevent plaintiff from pursuing her claims. I will dismiss the complaint at this time and give plaintiff an opportunity to file an amended complaint.

Plaintiff contends that defendant UW Spine Clinic is guilty of medical negligence for returning her to work without seeing her at the clinic, that "Meriter ER" did not call a spine surgeon and hospitalize plaintiff until testing could be completed, that neither Drs. Hicks

1

nor Kaske checked her for a transverse costal facet fracture and that Raina Haupt Leer PAC returned plaintiff to work, saying "their was nothing on her MRI." Cpt., dkt. #1, at 2. Plaintiff contends that Raina Haupt Leer is guilty of medical negligence and obstruction of justice. She also contends that Dr. Nathan Rudin did not treat her properly at the Pain Clinic and may have talked to her husband about her. As damages, plaintiff seeks reimbursement for "everything she lost." Id. at 5. In addition, she asks the court to review all the medication documentation and compare it to the American Medical Association standards for treatment of similar injuries.

Plaintiff's complaint has numerous problems. First, she has not named any individuals as defendants, although she alleges malfeasance or negligence on the part of at least Raina Haupt Leer and Drs. Rudin, Hicks and Kaske. Naming the entities where those individuals work is not a substitute for naming them personally. Second, it is probable that the time has expired in which she could bring a suit against anyone for acts committed or omitted in 2006. Under Wis. Stat. § 893.55, an action for injuries resulting from malpractice must be brought within three years of the date of the injury, § 893.55(1)(a), or one year from the date that the injury was discovered (so long as the total time from the injury does not exceed five years), § 893.55(1)(b). Third, she has not explained sufficiently what each of the individuals she discusses did that was wrong or what they failed to do and how the wrongs and omissions injured her. A claim of medical malpractice requires a showing that the medical provider breached a duty owed to the plaintiff and that the breach resulted in injuries or damages. Paul v. Skemp, 2001 WI 42, ¶ 11, 242 Wis. 2d 860, 507, 521, 625 N.W.2d 860, 865.

Finally, even if plaintiff could correct these problems, she faces the bigger problem of lack of subject matter jurisdiction.

Federal courts have limited jurisdiction. They may hear only cases that raise a federal question, 28 U.S.C. § 1331, or in which the parties are citizens of different states and more than $75,000 is in dispute. Nothing in plaintiff's complaint suggests that the issue of her medical treatment raises any federal question; rather, it is an issue of alleged medical malpractice, which is a state law question. Therefore, the only way in which this court would have jurisdiction to hear the case is if plaintiff could show that each of the defendants she intends to sue is a citizen of a state other than Wisconsin or that she is a citizen of a state other than Wisconsin and none of the defendants are citizens of the same state of which she is a citizen.

I will give plaintiff an opportunity to correct these problems, starting with the basic one of jurisdiction. This is the critical issue. If she cannot make the showing required of her on this issue, it would be a waste of her time to try to resolve the other problems in her complaint that I have identified.

ORDER

IT IS ORDERED that plaintiff Susan Ann Sands Wedeward may have until October 29, 2013, in which to file an amended complaint that cures the problems identified in this order. If plaintiff does not file an amended complaint by October 29, 2013, the case will be dismissed for lack of subject matter jurisdiction. If she does file an amended complaint, it will

be reviewed promptly to determine whether plaintiff can proceed on her suit.

Entered this 9th day of October, 2013.

                              BY THE COURT:
                              /s/
                              BARBARA B. CRABB
                              District Judge