IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SUSAN ANN SANDS WEDEWARD,

                    Plaintiff,

        v.

UNIVERSITY HOSPITAL AND CLINICS
and MEDICAL FOUNDATION
SPINE CLINIC and PAIN CLINIC,

                    Defendant.

OPINION AND ORDER

13-cv-632-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order entered on October 9, 2013, I reviewed a proposed complaint filed by plaintiff Susan Ann Sands Wedeward and explained why plaintiff could not proceed on it. Dkt. #4. I then gave her until October 29, 2013 in which to file a new proposed complaint that cured the problems identified in the October 9 order.

Plaintiff met the deadline for filing her new complaint, but she has not cured the problems identified in her first complaint. In her first complaint, as in this one, she listed as defendant the University Hospital and Clinics, but her allegations related to individuals (Raina Haupt Leer and Nathan Rudin) that she accused of medical malpractice in treating her for injuries she suffered at work on October 29, 2006. I told plaintiff then that it was likely that her claim was time-barred because of the time that had passed since the acts or omissions complained of and that she had not explained sufficiently what the individuals did

1

that was negligent.

In her new proposed complaint, plaintiff alleges that Raina Haupt Leer attempted to murder her in January 2007 by telling the Office of Workers Compensation that plaintiff had not been injured at work as she claimed.  Plaintiff says that Leer did this because she was the next door neighbor of Pamela Lynn Davenport, who was conspiring with plaintiff's husband to gain control of plaintiff's Utility Patent 699,1009, and also because she was bribed.  Plaintiff says that Dr. Nathan Rudin put fake documents in her file showing that she had delusional disorder and OCD and that he, too, was bribed by plaintiff's husband.  She adds that both he and Leer wanted to cause her death in any way they could.

ORDER

Although I explained to plaintiff in the October 9, 2013 order that she had to name as defendants the persons she was suing, she has continued to name only the hospital and clinics as a defendant.  It appears also that the time for filing has expired, despite plaintiff's argument that murder has no statute of limitations.  This may be true for criminal prosecutions for murder, but I am not aware of any provision in the law that allows a person bringing a civil claim for murder (attempted murder in this case) more than six years after the alleged acts of attempted murder.  In Wisconsin, the limitations period for wrongful death actions is three years, Wis. Stat. § 893.54; the limitations period for attempted murder would be the limitations period for the act or acts committed in the attempt, such as battery or assault.  That period is two years.  Wis. Stat. § 893.57.  For a federal claim, presumably the

2

period would be the six years allowed for bringing a civil rights action.

Of course, the statute of limitations is an affirmative defense and not a reason for dismissing a proposed complaint. However, plaintiff has still not explained what either Leer or Rudin did that amounted to either medical malpractice or attempted murder. All she says about Leer is that she told the Office of Workers Compensation that plaintiff had no proof of any injury and all she says about Rudin is that he put fake mental health records in her file. She adds that defendants wanted to cause her death "any way they could," but this allegation is too vague to state a claim.

Plaintiff has had two opportunities to make out a claim on which she could proceed. Her second attempt is no closer to the mark than her first. The acts of which she accuses Leer and Rudin may have been improper (although she has not shown that they were), but they are not acts of attempted murder. It does not appear that giving plaintiff a third chance to file a valid complaint would be a productive use of her time or the court's. Therefore, I will dismiss her complaint without granting her leave to try again to file a valid complaint.

ORDER

IT IS ORDERED that the second proposed complaint filed by plaintiff Susan Ann Sands Wedeward, dkt. #5, is DISMISSED for plaintiff's failure to state a claim on which relief could

be granted.

Entered this 12th day of November, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge